**FILED**

July 13, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

SINDI PAOLA HERNANDEZ-
NORIEGA,

       Petitioner,

v.

WARDEN OF SOUTH TEXAS
DETENTION FACILITY *et al.*,

       Respondents.

§
§
§
§
§
§
§
§
§
§
§
§
§
§

**NO. SA-26-CV-03206-OLG**

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Sindi Paola Hernandez-Noriega's Petition for Writ of Habeas Corpus (Dkt. No. 1). Respondents have responded (Dkt. No. 4), and Petitioner has replied (Dkt. No. 5). Upon review, the Court finds that the Petition must be denied for the reasons below.

Based on the record, Petitioner is a citizen of Mexico who entered the United States without inspection in 2015 and was detained by ICE on April 24, 2026, following an arrest for theft of property. (Dkt. No. 1 at 12; Dkt. No. 4 at 4; Dkt. No. 4-3 at 2.) The Notice to Appear charges her with being removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), as "an alien present . . . without being admitted or paroled." (Dkt. No. 4-1 at 1.) Petitioner remains detained on a mandatory basis under the Laken Riley Act, *see* 8 U.S.C. § 1226(c), due to her arrest. (Dkt. No. 4 at 12; *see* Dkt. No. 4-2.) Petitioner initiated this action on May 17, 2026, seeking an order compelling her immediate release or requiring that she be given a bond hearing. (Dkt. No. 1 at 30.)

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner proves that she is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c); *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy [her] burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)).

"A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

Petitioner contends that her detention without an individualized custody determination violates her due process rights. (Dkt. No. 1 at 28.)[1] The Laken Riley Act applies to any noncitizen who "is charged with, is *arrested for*, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any . . . *theft.*" 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added). Because Petitioner must be detained pursuant to § 1226(c), the Court cannot find that her continued detention during removal proceedings violates due process. *Demore v. Kim*, 538 U.S. 510, 531 (2003) ("[W]hen the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal."); *Wekesa v. United States Attorney*, No. 22-10260, 2022 WL 17175818, at *1 (5th Cir. Nov. 22, 2022) (explaining that "the language of [§ 1226(c)] 'reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)); *see also Rimtobaye v. Castro*, No. 23-CV-1529-FB (HJB), 2024 WL 5375786, at *3 (W.D. Tex. Oct. 29, 2024) (finding that detention under § 1226(c) of "more than two-and-a-half years" had not become unduly prolonged because removal proceedings were ongoing and, thus, detention had a definite termination point), *report and recommendation adopted*, No. 23-CV-1529-FB, 2025

---

[1] Petitioner also purports to assert two claims under the Administrative Procedure Act (APA). (*See* Dkt. No. 1 at 25–28.) These claims—which are neither availing nor properly before the Court—are hereby **DISMISSED WITHOUT PREJUDICE**. *See Chi v. Warden, Bluebonnet Det. Facility*, No. 26-CV-067-H, 2026 WL 1062625, at *5 (N.D. Tex. Apr. 13, 2026) (explaining that APA claims are only available when "there is no other adequate remedy in a court," and a "request for habeas relief . . . unwittingly admits that there is, in fact, an adequate remedy outside of the APA"); *Ndudzi v. Castro*, No. 20-CV-492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020) ("The payment of the $5 habeas filing fee relegates this action to habeas relief only.").

2

WL 377722 (W.D. Tex. Jan. 31, 2025). Accordingly, the Court cannot grant her request for habeas relief.

Based on the foregoing, Petitioner Sindi Paola Hernandez-Noriega's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED**, and her Motion to Expedite (Dkt. No. 7) is **DISMISSED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on July ___, 2026.

ORLANDO L. GARCIA
United States District Judge

3